# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| ABDUL LOVE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 20-cv-5941 |
| | ) | |
| v. | ) | Hon. Steven C. Seeger |
| | ) | |
| SERGEANT SPECHT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

Plaintiff Abdul Love, an Illinois prisoner, brought this *pro se* civil rights action under 42 U.S.C. § 1983. *See* Cplt., at 9–13 (Dckt. No. [13]). In his initial complaint, Love alleged that Lake County Jail employees violated his constitutional rights by, among other things, failing to treat his Crohn's disease. *Id.* The Court dismissed the complaint in part in response to a motion to dismiss filed by Defendants Sergeant Specht, Sheriff Idleburg, Officer Nance, and Sergeant Wilson ("the Sheriff Defendants'"). *See* 7/12/22 Order (Dckt. No. [67]). Specifically, the Court concluded that the complaint lacked allegations that Defendants Specht and Idleburg were personally involved in, or otherwise deliberately indifferent to, Love's medical care or condition. *Id.* at 5. The Court also dismissed Love's request for injunctive relief as moot. *Id.* at 6. After dismissal, Love filed an amended complaint. *See* Am. Cplt. (Dckt. No. [68]). In response, the Sheriff Defendants filed another motion to dismiss both the claims against Idleburg and Specht, and the request for an injunction. *See* Defs.' Mtn. to Dismiss (Dckt. No. [74]). For the reasons below, that motion is granted.[1]

## Background

At the motion to dismiss stage, the Court must accept as true the well-pleaded allegations of the complaint. *See Lett v. City of Chicago*, 946 F.3d 398, 399 (7th Cir. 2020). The Court "offer[s] no opinion on the ultimate merits because further development of the record may cast

---

[1] Because Love – a prisoner – filed a new complaint, seemingly with new claims, the Court must pre-screen the complaint pursuant to 28 U.S.C. § 1915A. Under that statute, the Court is required to screen prisoners' complaints and dismiss the complaint, or any claims, if the Court determines that the complaint or any claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *See Jones v. Bock*, 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Courts screen prisoners' complaints in the same manner that they review motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). Because the standard for pre-screening and a motion to dismiss are the same, the Court lumps together its pre-screen of the amended complaint and its review of Defendants' motion to dismiss.

the facts in a light different from the complaint." *Savory v. Cannon*, 947 F.3d 409, 412 (7th Cir. 2020).

The facts as alleged in Love's amended complaint mirror – in many instances word for word – the alleged facts in Love's initial complaint. Accordingly, the Court spends little time recalling all the details of Love's claims.

Abdul Love is an Illinois prisoner with Crohn's disease. *See* Am. Cplt., at ¶ 2 (Dckt. No. [68]). On January 14, 2020, Love was remanded to the custody of the Lake County Jail while pursuing a post-conviction action in state court. *Id.* at ¶ 1. During his intake at the Jail, he informed a jail nurse that he suffers from Crohn's disease and that he has a prescription for the medication Imuran. *Id.* at ¶ 2. The nurse told Love that his medication would need to be ordered, and that he would receive it in a couple of days. *Id.* at ¶ 3.

Days passed, but Love didn't receive his medication. And in the meantime, Love experienced stomach cramping, constipation, diarrhea, and bloody bowel movements. *Id.* at ¶¶ 4–10. So, he wrote and spoke with various jail officials – specifically, Defendants Farrah, Encinas, Idleburg, Specht, Nance, and Wilson – about his missing medication. *Id.* at ¶¶ 5–13, 20–23. He claims that they all deliberately ignored his serious medical condition. *Id.* It wasn't until February 5, 2020 – more than three weeks later – that Love finally received his medication. *Id.* at ¶ 23.

Love filed this lawsuit under 42 U.S.C. § 1983. *See* Cplt. (Dckt. No. [13]). He initially brought three claims. First, he alleged that jail medical personnel violated his Eighth Amendment rights by showing deliberate indifference to his serious medical need. Second, he alleged that Sergeant Specht violated his First Amendment rights by preventing him from sending the letter to Sheriff Idleburg. And third, he alleged that prison officials violated his Fourteenth Amendment rights by mishandling his grievances about the missing medication. Only the Eighth Amendment claim survived pre-screening. *See* 4/12/21 Order, at 3–5 (Dckt. No. [12]).

After pre-screening, the Sheriff Defendants filed a motion to dismiss. *See* Defs.' Mtn. to Dismiss (Dckt. No. [34]). The Court dismissed the counts against Defendants Idleburg and Specht. *See* 7/12/22 Order, at 6 (Dckt. No. [67]). The Court concluded that the complaint lacked any "allegations that Sheriff Idleburg knew about Love's Crohn's disease or knew that Love had not received his medication." *Id.* at 5. And as for Specht, the Court determined that "the complaint only alleges that Specht prevented [Love] from mailing a letter," not that Specht "was aware of a substantial risk of serious harm." *Id.*

In the same order, the Court also dismissed Love's request for injunctive relief. *Id.* at 6. Love had already received his Crohn's medication, and had moved facilities, so any demand for injunctive relief was moot. *Id.*

Love then filed an amended complaint. Once again, he alleges facts about his inability to get his Crohn's medication while at the jail. *See* Am. Cplt. (Dckt. No. [68]). In response, the

2

Sheriff Defendants again moved to dismiss the claims against Idleburg and Specht, and Love's request for injunctive relief. *See* Defs.' Mtn. to Dismiss (Dckt. No. [74]).

## Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not the merits of the case. *See* Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a motion to dismiss, the Court must accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in the plaintiff's favor. *See AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive, the complaint must give the defendant fair notice of the basis for the claim, and it must be facially plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## Analysis

At the outset, the Court notes that very little has changed between Love's initial complaint and amended complaint. Love seemingly made only minor modifications to his allegations.

For example, the original complaint contained background information about the lead-up to Love's Crohn's disease diagnosis. *See* Cplt. at ¶¶ 1–12 (Dckt. No. [13]). But the amended complaint omitted those paragraphs. *See* Am. Cplt. (Dckt. No. [68]).

Additionally, the amended complaint added and deleted some words and short phrases throughout. *See, e.g.*, *id.* at ¶ 5 (omitting phrase "Plaintiff informed nurse Farrah that he has not been receiving his evening dose of Imuran *for the past couple of days*") (emphasis added); *id.* at ¶ 16 (adding phrase "On February 2, 2020, *at or about 5:00 pm*") (emphasis added); *id.* at ¶ 17 (replacing "Sgt Speck refused to allow his letter to Defendant Idleburg, *about said situation*," with "Sgt Speck refused to allow his letter to Defendant Idleburg, *detailing his Crohn's disease and symptoms*") (emphasis added).

But for all its minor changes, the amended complaint did *not* add or change any substantive allegations against any Defendant. Instead, the story is the same. Love suffers from Crohn's disease and was unable to get his medicine. So he sought help from Defendants, but none of them helped him. Finally, after three weeks, Love got his medication again.

Without any substantive changes to the allegations, the Court lands in the same place on Defendants' pending motion to dismiss as it did on the first motion to dismiss. Love hasn't alleged that Idleburg or Specht were personally involved in his alleged constitutional violations under the Eighth Amendment. *See Taylor v. Ways*, 999 F.3d 478, 493 (7th Cir. 2021) ("For constitutional violations under § 1983, a government official is only liable for his or her own misconduct.") (cleaned up); *see also Locke v. Haessig*, 788 F.3d 662, 669 (7th Cir. 2015); *Iqbal*, 556 U.S. at 677.

The only allegation mentioning Sheriff Idleburg is that Love drafted a letter to him about his missing medication, but that Idleburg never received the letter. *See* Am. Cplt., at ¶¶ 14–16 (Dckt. No. [68]). The complaint alleges that when Love tried to mail the letter, Defendant Specht informed another officer, Officer Alexander, that Love "was not allowed to send out his letter to Defendant Idleburg via the United States postal service," and told Officer Alexander to return the letter to Love. *Id.* at ¶ 16.

"So, there are no allegations that Sheriff Idleburg knew about Love's Crohn's disease or knew that Love had not received his medication. If anything, the complaint alleges the opposite. Love alleges that he wasn't allowed to tell Sheriff Idleburg about his medical condition. Thus, Love failed to allege that Sheriff Idleburg was personally involved in or otherwise deliberately indifferent to Love's medical care." *See* 7/12/22 Order, at 5 (Dckt. No. [67]).

The same goes for Sergeant Specht. Love alleges that Specht prevented the letter from reaching Idleburg. *See* Am. Cplt., at ¶ 16 (Dckt. No. [68]). But the amended complaint lacks any allegation "that Sergeant Specht was aware of a substantial risk of serious harm. Love does not allege that Sergeant Specht knew about the contents of the letter. And more generally, Love does not allege that Sergeant Specht knew that Love suffered from Crohn's disease, or knew that Love had not received his medication. He didn't know that Love was trying to get medical help. Instead, the complaint only alleges that Specht prevented him from mailing a letter." *See* 7/12/22 Order, at 5 (Dckt. No. [67]).

In sum, Love changed little in his amended complaint, so the Court is left to reach the same result as the first time around. The Eighth Amendment claims against Defendants Idleburg and Specht are dismissed.[2]

To the extent that Love re-alleges a First Amendment violation by Idleburg and Specht, he faces several hurdles that similarly justify dismissal.

During pre-screening, this Court dismissed a First Amendment claim about access to courts. *See* 4/12/21 Order, at 4 (Dckt. No. [12]). But Love later insisted that his First Amendment claim was about his right to send and receive mail (rather than access to courts), so the Court offered him an opportunity to amend his complaint to allege that claim. *See* 7/12/22 Order (Dckt. No. [66]).

Love now claims that his amended complaint "alleges that Sgt. Spec[ht] prevented Plaintiff's mail/letter from being mailed out to Defendant Idelburg [sic]." *See* Pl.'s Resp. to Defs.' Mtn. to Dismiss, at 3 (Dckt. No. [79]).

---

[2] Because the amended complaint didn't change any substantive allegations relating to the Eighth Amendment claim against all Defendants, the Court reaches the same conclusion as it did in the first pre-screening that Love has plausibly stated a claim against Defendants Farrah, Encinus, Nance, and Wilson. *See* 4/12/21 Order, at 3 (Dckt. No. [12]). The Eighth Amendment claim against those Defendants in the amended complaint therefore survives pre-screening.

To start, Love's First Amendment claim doesn't appear in the amended complaint itself. His complaint focuses on the facts surrounding the alleged Eighth Amendment violation. Instead, he raises a First Amendment claim in a separate document entitled, "Memorandum of Law in Support of Plaintiff's First Amended Complaint." (Dckt. No. [69]) But as this Court has already explained, the proper method for adding or clarifying claims in a complaint is through an amended complaint, not separate filings. *See* 7/12/22 Order (Dckt. No. [66]) ("The right way to add a claim is to file an amended complaint."); *see also Spreck v. U.S. Veterans Admin.*, 67 F. App'x 963, 965 (7th Cir. 2003) (explaining that a district court is "not required to incorporate" a plaintiff's revision to the complaint "and accept the complaint piecemeal").

A claim for relief must be made through a pleading. *See* Fed. R. Civ. P. 8(a); *see also* Fed. R. Civ. P. 7 (defining a "pleading" as a complaint, an answer to a complaint, an answer to a counterclaim designated as a counterclaim, an answer to a cross claim, a third-party complaint, an answer to a third-party complaint, or a reply to an answer). That rule promotes clarity and predictability. It helps avoid unwanted surprises. And it makes sure that there is a point-by-point response in a responsive pleading, too.

Here, Love's First Amendment allegations come only in a memorandum, not through a pleading. A brief isn't a complaint. And a party cannot amend a complaint through a brief, either. If Love wants to raise a claim about jail officials depriving him of his medication *and* limiting his mail, he must file an amended complaint that contains both of those claims, together.

In any event, even if this Court were to construe Love's separate filing as part of the amended complaint, he fails to plausibly state a claim for a First Amendment violation. Love claims that Idleburg and Specht violated his "clearly and well established right in both sending and receiving mail." *See* Mem. in Support of Am. Cplt., at 5 (Dckt. No. [69]).

The allegations against Idleburg are non-starters. The complaint alleges that Idleburg never received the letter intended for him. *See* Am. Cplt., at ¶ 16 (Dckt. No. [68]). So, Love doesn't allege (and couldn't allege) how Idleburg would have played any role in preventing *himself* from receiving the letter. He didn't know about mail that he didn't receive, for a simple reason: he didn't receive it.

Additionally, though prisoners have a right to send and receive mail, *see Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999), Love's allegations are vague and conclusory. Love does not allege for what period he was denied the ability to send mail, or whether he was able to send other mail aside from the letter to Idleburg, or whether prisoners typically could send grievances through the U.S. Postal Service, or any other facts that would support a plausible First Amendment violation.

A one-time occurrence of returned mail – with no other facts – isn't enough to plausibly allege a First Amendment violation. *See Zimmerman v. Tribble*, 226 F.3d 568, 572–73 (7th Cir. 2000) (concluding that "sporadic and short-term delays" in receiving mail were "insufficient to state a cause of action grounded upon the First Amendment"); *Franklin v. McCaughtry*, 100 F. App'x 715, 722 (7th Cir. 2004) ("We have emphasized the significance of *repeated* infractions by prison mailroom workers [in alleging a First Amendment violation]. . . .") (emphasis in

original); *Lieberman v. Budz*, 2009 WL 1437609, at *12 (N.D. Ill. 2009) ("[T]he occasional interference with a detainee's mail does not rise to the level of a constitutional violation, and a plaintiff must demonstrate a systematic pattern or practice with interfering with the detainee's mail.") (citing *Zimmerman*, 226 F.3d at 573); *McClure v. W. Corr. Ctr.*, 2021 WL 2054091, at *1 (C.D. Ill. 2012) ("[S]poradic or negligent violations of [a prisoner's right to send and receive mail] do not rise to Constitutional violations.").

Accordingly, the Court dismisses any claims alleging a First Amendment violation.

Finally, once again, the Court concludes that Love's claim for injunctive relief is moot. As the Court found in its previous order, "Love started receiving his medication on February 5, 2020, so the Jail resolved his Crohn's disease medication issue." *See* 7/12/22 Order, at 6 (Dckt. No. [67]). The amended complaint doesn't change that alleged fact, so the request for injunctive relief is still moot as it applies to the other claims against the other Defendants. *See, e.g.*, *Jones v. Butler*, 663 F. App'x 468, 470 (7th Cir. 2016).

## Conclusion

For the foregoing reasons, the Court grants Defendants' motion to dismiss. The Court grants the motion to dismiss as to Defendant Idleburg and Defendant Specht. And the Court dismisses Love's claim for injunctive relief as moot. The remainder of the amended complaint – the Eighth Amendment claim against Defendants Farrah, Encinus, Nance, and Wilson – survives pre-screening pursuant to 28 U.S.C. § 1915A.

Date: May 10, 2023

_____
Steven C. Seeger
United States District Judge